**MARYLAND CASUALTY COMPANY,**
**Plaintiff–Appellant,**

v.

**W.R. GRACE AND COMPANY and**
**Continental Casualty Company,**
**Defendants,**

**W.R. Grace and Company,**
**Defendant–Appellee.**

No. 455, Docket 89–7764.

United States Court of Appeals,
Second Circuit.

Argued Oct. 12, 1989.

Decided Oct. 27, 1989.

Laura A. Foggan, Washington, DC (Wiley, Rein & Fielding, Thomas W. Brunner, Lyn S. Entzeroth, Hughes, Hubbard & Reed, New York City, John S. Allee, of counsel), for plaintiff-appellant.

Randy Paar, New York City (Anderson, Kill, Olick & Oshinsky, P.C., Jerold Oshinsky, Robin Schankowitz, of counsel), for defendant-appellee.

Before KAUFMAN, FEINBERG and CARDAMONE, Circuit Judges.

PER CURIAM:

Maryland Casualty Company appeals, on an expedited basis, from an order of Magistrate Leonard A. Bernikow in the United States District Court for the Southern District of New York, denying an injunction against its policyholder W.R. Grace & Co.–Conn. (Grace). The magistrate heard and decided the motion for injunctive relief pursuant to 28 U.S.C. § 636(c). His opinion is reported at 726 F.Supp. 62. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), Maryland Casualty sought to enjoin Grace from filing or prosecuting in any other forum any actions against Maryland Casualty involving coverage for asbestos-related liability, including a breach of contract action already filed by Grace in a Minnesota state court against Maryland Casualty, another primary insurer and 15 excess insurance carriers (not parties to the litigation below). In the contract action in Minnesota, Grace alleges that it has paid $12 million in settlement of three asbestos-related suits against it, after its carriers (including Maryland Casualty) wrongfully refused to defend the suits or to participate in settlement discussions.

The magistrate's careful opinion, to which we refer the reader for a fuller discussion of the facts and prior proceedings, is persuasive. The magistrate, who was familiar with the scope of the litigation before him, found that the pendency of the Minnesota contract action did not prevent the federal court "from fashioning full and complete relief to the parties," and that the jurisdiction of the federal court was not impaired or threatened by the state court breach of contract action in Minnesota. Accordingly, the magistrate denied Maryland Casualty's motion to enjoin the Minnesota action because the relief sought was prohibited by the Anti–Injunction Act, 28 U.S.C. § 2283.

With regard to future actions, the magistrate was quite aware of the dangers posed if Grace were to file "duplicative actions in the future," but was satisfied that, on the record before him, Maryland Casualty had not met its burden of showing the need for an injunction against such actions. Should the situation change, Maryland Casualty is obviously free to seek such injunctive relief again, but we caution both parties before us that we will not look lightly on the use of the district court or this court as part of a war of maneuver, delay or attrition. In any event, we certainly cannot say that the magistrate's findings were clearly erroneous or that he abused his discretion in denying an injunction.

Ordinarily, we would simply have affirmed substantially for the reasons given in the magistrate's opinion, were it not for Maryland Casualty's heavy reliance in this court on two of our recent decisions that the magistrate did not discuss: *General*

*Reinsurance Corp. v. CIBA–Geigy Corp.*, 853 F.2d 78 (2d Cir.1988), and *Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411 (2d Cir. 1986). Those cases, however, are distinguishable. In both, we did not enjoin an action in a state court; instead we stayed declaratory judgment actions brought by insurance carriers in federal court in deference to more comprehensive state court proceedings brought by policyholders.

Affirmed.